STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-1122** (Harrison County 16-F-65-2)

**Christopher Michael Roof,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Christopher Michael Roof, by counsel Matthew S. Delligatti, appeals the Circuit Court of Harrison County's November 21, 2019, order denying his motion to correct an allegedly illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his Rule 35(a) motion to correct an illegal sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record of the underlying proceedings submitted by petitioner in support of his appeal is sparse and does not contain his indictment or the transcript from his sentencing hearing.[1] However, from the scant appellate record provided by petitioner, we glean that on May 13, 2016, a Harrison County jury convicted petitioner of second-degree robbery. Following petitioner's conviction, the State filed a recidivist information for purposes of obtaining a sentence enhancement for the second-degree robbery conviction based upon petitioner's prior felony convictions. Petitioner and the State engaged in plea negotiations related to the recidivist information which ultimately resulted in petitioner pleading to having previously been convicted of possession with intent to distribute cocaine base and cocaine hydrochloride, a felony offense.

---

[1] Rule 7(d) of the West Virginia Rules of Appellate Procedure requires petitioner to "prepare and file an appendix containing . . . [t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "[m]aterial excerpts from official transcripts of testimony or from papers in connection with a motion," and "[o]ther parts of the record to which the parties wish to direct the Court's attention."

In exchange for this plea, the State agreed not to seek a life recidivist sentence by including petitioner's additional prior felony convictions for kidnapping and hijacking a motor vehicle. The circuit court sentenced petitioner to not less than ten nor more than eighteen years of incarceration on July 29, 2016, as an enhanced sentence for the second-degree robbery conviction.

On September 19, 2019, petitioner, on his own behalf, filed a motion for correction of sentence under Rule 35 of the West Virginia Rules of Criminal Procedure, arguing that his sentence violates the mandate against cruel and unusual punishment. Specifically, petitioner argued that doubling the minimum sentence for second-degree robbery, from five to ten years in prison, was "disproportionate to the sentencing guidelines established to afford people considerations and denies Due Process of Law in its application." Petitioner further argued that his sentence was disproportionate and, therefore, illegal because he will discharge his second-degree robbery sentence before completing his enhanced sentence. The State opposed petitioner's motion, citing the voluntary nature of petitioner's plea agreement and arguing that the recidivist statute was properly applied. In November of 2019, the circuit court denied petitioner's motion, finding that it had addressed the enhanced penalties under the recidivist statute at petitioner's plea agreement hearing. The circuit court further found that petitioner's sentence was legal and, in fact, required under the recidivist statute. *See* W. Va. Code § 61-11-18(a). Petitioner now appeals the circuit court's November 21, 2019, sentencing order.

In his appeal, petitioner asserts a single assignment of error. He argues that the circuit court erred in denying his motion to correct sentence because his sentence violates the cruel and unusual punishment and equal protection provisions of the West Virginia and United States Constitutions. We consider petitioner's assignment of error under the following directive:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

Despite the inadequate record on appeal, it is clear that petitioner's sentence is neither illegal nor was it imposed in an illegal manner. We have previously held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Here, the sentence imposed upon petitioner was within the statutory limits.[2] Furthermore, the

___

[2]*See* W. Va. Code § 61-2-12(b) ("Any person who commits or attempts to commit robbery . . . is guilty of robbery in the second degree and, upon conviction thereof, shall be confined in a correctional facility for not less than five years nor more than eighteen years."). Given that the sentence for second-degree robbery is an indeterminate term of five to eighteen years of

(continued . . . )

2

record is devoid of any evidence that petitioner's sentence was based upon any impermissible factor. Because petitioner's sentence is within the applicable statutory limits and not based upon any impermissible factors, it is not reviewable on appeal. Finally, to the extent that petitioner argues that we reconsider the recidivist statute, we decline. Based on the foregoing, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's November 21, 2019, order denying petitioner relief under Rule 35(a) is hereby affirmed.

Affirmed.

**ISSUED:** April 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

incarceration, West Virginia Code § 61-11-18(a) (2000) regarding qualifying recidivist convictions provides that "the minimum term shall be twice the term of years otherwise provided for under such sentence."